# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN NAIN REYES-REYES, also known as Juan Nain Reyes,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1058-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juan Nain Reyes-Reyes appeals the 46-month sentence imposed following his conviction for being present in the United States illegally following removal. He challenges the sixteen-level enhancement imposed under U.S.S.G. § 2L1.2(b)(1)(A)(i), which was based on his Texas conviction for possession with intent to deliver more than 200 grams but less than 400 grams of cocaine. He argues that this conviction does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41262

qualify as a drug trafficking offense because Texas's definition of delivery, which includes administering, is broader than the definition of a drug trafficking offense under § 2L1.2. For the same reasons, he contends that the Texas offense does not qualify as an aggravated felony under 8 U.S.C. § 1326(b)(2).

His arguments are foreclosed by our decision in *United States v. Teran-Salas*, 767 F.3d 453 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1892 (2015). In that case, we held that there is no realistic probability that Texas would prosecute the crime under an "administering" theory in a way that does not also constitute either "dispensing" or "distributing" under the federal sentencing guidelines. We noted that "[e]ven without considering the drug type or quantity, conviction under the administer prong is not a realistic probability because no previous Texas case has involved a conviction under this prong." *Id.* at 461. The Texas offense of possession with intent to deliver cocaine is therefore a drug trafficking offense under the Guidelines and an aggravated felony under § 1326(b). *See id.* at 461-62 & n.5.

AFFIRMED.